LAW OFFICES OF
**WALKUP, MELODIA, KELLY & SCHOENBERGER**
A PROFESSIONAL CORPORATION

650 CALIFORNIA STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94108-2615
T: (415) 981-7210 · F: (415) 391-6965

KHALDOUN A. BAGHDADI (State Bar #190111)
kbaghdadi@walkuplawoffice.com
JASLEEN SINGH (State Bar #)
jsingh@walkuplawoffice.com

ZAHRA A. BILLOO (State Bar #267634)
zbilloo@cair.com
Council on American-Islamic Relations,
California (CAIR-CA)
BRITTNEY REZAEI (State Bar # )
brezaei@cair.com
3160 De La Cruz Blvd. Ste. 110
Santa Clara, CA 95054
Telephone: (408) 986- 9874

**ATTORNEYS FOR PLAINTIFF**
KHAIRULDEEN MAKHZOOMI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| KHAIRULDEEN MAKHZOOMI,<br><br>    Plaintiff,<br><br> v.<br><br>SOUTHWEST AIRLINES CO., SHOAIB AHMED, AND DOES 1 THROUGH 100.<br><br>    Defendants. | Case No. 3:18-cv-924<br><br>**COMPLAINT FOR DAMAGES**<br><br>1) Discrimination<br>2) Racial Discrimination<br>3) Denial of Freedom and Equality<br>4) Negligence<br>5) Intentional Infliction of Emotional Distress (IIED)<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. On April 6, 2016, Plaintiff Khairuldeen Makhzoomi, a young, law-abiding Iraqi refugee and American citizen was sitting in his seat aboard Southwest

1
COMPLAINT FOR DAMAGES - CASE NO. 3:18-cv-924

1  Airlines Flight 4620, casually speaking to his uncle on the phone in Arabic. Shortly
2  after taking his seat, Mr. Makhzoomi was approached by a Southwest Airlines
3  official and local law enforcement officers, removed from the plane, interrogated,
4  searched, publicly humiliated, and denied further travel on the airline.

5     2.    Southwest Airlines discriminated against and wrongfully removed Mr.
6  Makhzoomi from his flight for no reason other than for speaking in his native
7  language. In doing so, the airline, by and through its agents and employees,
8  intentionally violated Mr. Makhzoomi's civil rights. At the time, Mr. Makhzoomi was
9  a driven and dedicated student at UC Berkeley. Through no fault of his own, he
10 sustained public humiliation and continuing emotional trauma.

## THE PARTIES

12    3.    At all times relevant hereto, Plaintiff Makhzoomi, (hereinafter referred
13 to as "Plaintiff"), an American citizen, was a resident of the State of California.

14    4.    Defendant Southwest Airlines Co. (hereinafter referred to as
15 "Southwest"), is an air carrier in the business of providing transportation to
16 passengers, operating daily flights between major cities within California and across
17 the country.

18    5.    Southwest is a business entity incorporated in Texas but subjects itself
19 to the privileges and benefits under California law by operating regular flights within
20 California and maintaining multiple places of business within the state, including
21 two of the airports involved in the events giving rise to this action: Los Angeles
22 International Airport (LAX), and Oakland International Airport, (OAK).

23    6.    Further, Southwest maintains an operating base at OAK: it is a major
24 national hub of business where Southwest regularly conducts continuous and
25 systematic business within California.

26    7.    At all times relevant hereto, Defendant Shoaib Ahmed was a resident of
27 the State of California.

28    8.    At all times relevant hereto, Defendant Shoaib Ahmed was an agent and

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

2
COMPLAINT FOR DAMAGES - CASE NO. 3:18-cv-924

employee of Defendant Southwest and was acting within the scope of his employment with Defendant Southwest.

9. Plaintiff is unaware of the true names and capacities of those defendants sued herein as DOES 1-100, inclusive, and therefore sues said defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of said defendants when they have been ascertained, together with other charging allegations as may be appropriate.

10. Upon information and belief, each defendant designated as a DOE is responsible in some actionable manner for the incidents hereinafter referred to and for the injuries and damages proximately caused to Plaintiff, either through defendants' own negligent conduct, or by and through the conduct of its/his/her agents, servants or employees, or in some other manner which is yet to be known.

## JURISDICTION AND VENUE

11. This court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as the claims averred herein arise out of civil rights violations arising under the Civil Rights Act of 1991, 42 U.S.C. §1981 and 42 U.S.C. § 2000(d), which prohibits federally assisted programs from discriminating based on race or national origin.

12. Pursuant to 28 U.S.C. § 1367, this court has supplemental jurisdiction over the state law claims in this action because they form the same case and controversy as the federal claims and arise out of the same events: Southwest's discrimination against Plaintiff in removing him from his flight.

13. Venue is proper within this judicial district pursuant to 28 U.S.C. § 1391 because for the purposes of venue, at all relevant times hereto, Plaintiff resided in this district, and/or a substantial part of the events or omissions giving rise to this claim occurred in this district, and/or Defendant resides in this district.

## GENERAL FACTUAL ALLEGATIONS

14. On or about April 6, 2017, Plaintiff Khairuldeen Makhzoomi was a

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

3
COMPLAINT FOR DAMAGES - CASE NO. 3:18-cv-924

1 ticketed passenger aboard Southwest Airlines Flight 4620 heading out of Los Angeles
2 International Airport, (LAX) to Oakland International Airport, (OAK).

3     15.    At the time of the incident, Plaintiff was pursuing a degree in public
4 policy and had just finished attending a special invite-only event where he met and
5 had dinner with United Nations Secretary, General Ban Ki-moon.

6     16.    Plaintiff was returning home after the event and had boarded the
7 Southwest plane: he was properly seated, abiding all the rules and laws of aircraft
8 security, not engaging in any misconduct or being rowdy in any fashion.

9     17.    While waiting for the plane to complete boarding and to take off,
10 Plaintiff was casually on his cell phone, talking to his uncle in his native language,
11 Arabic.

12     18.    Plaintiff was excited to share with his uncle that he had the opportunity
13 to meet the UN Secretary General, and even asked a question about the secretary's
14 plans to combat the Islamic State.

15     19.    Shortly thereafter, upon information and belief, Defendant Shoaib
16 Ahmed, a Southwest agent and employee, and two police officers approached Plaintiff
17 and removed him from the plane in front of all remaining passengers.

18     20.    Plaintiff respectfully abided law enforcements' demands and deplaned,
19 despite having done nothing wrong – and his Southwest flight to OAK took off
20 without him.

21     21.    Upon information and belief, no Southwest personnel had observed any
22 suspicious or concerning activity, nor did any Southwest agent perform even the
23 slightest, most cursory questioning into whether Plaintiff was a security threat.

24     22.    Upon information and belief, at no time did any Southwest personnel
25 ask Plaintiff what he was doing, who he was talking to, why, or what about, prior to
26 being pulled from the plane.

27     23.    Upon information and belief, Southwest was and is well aware of the
28 prevalent stereotypes and sentiments associated with Islamophobia and knew or

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

4
COMPLAINT FOR DAMAGES - CASE NO. 3:18-cv-924

should have known that they cannot simply remove Arabic speaking passengers without having a valid reason or concern.

24. Southwest singled out Plaintiff for speaking in Arabic and punished him for publicly displaying his identity, while other non-Arabic speaking passengers, who were sitting on the plane, casually using their phones, were not removed from the flight.

25. When Defendant Shoaib Ahmed, the Southwest agent and employee acting within the scope of his employment, came to remove Plaintiff from the plane, he attempted to speak to the Plaintiff in Arabic, to which Plaintiff requested Defendant Ahmed to please speak in English.

26. Defendant Ahmed then admonished Plaintiff for speaking in Arabic on an airplane, given the current political climate, saying "You seem that you were having a serious conversation on the phone. Who were you talking to?" to which Plaintiff explained he was talking to his uncle about the conference the night before, and the agent reacted, "Why are you talking in Arabic? You know the environment is very dangerous".

27. Southwest's employee and agent, Defendant Ahmed, made it clear to Plaintiff that he was being removed from the plane for speaking in Arabic.

28. Plaintiff was then brought into the terminal and made to stand in a corner for 45 minutes before being aggressively patted down and invasively searched in front of a crowd of onlookers and half a dozen police officers, including a K-9 unit.

29. Plaintiff felt humiliated, in shock, confused, and began to silently cry.

30. Federal Bureau of Investigations (hereinafter "FBI") officials eventually approached him, took him to a private room, and again interrogated him and searched all of his belongings.

31. At this time, a FBI agent confirmed that Plaintiff's removal was due to his speaking on the phone in Arabic: he specifically told Plaintiff "Well, I think you're done with Southwest. Next time you are flying, don't use your phone, just sit there,

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

5
COMPLAINT FOR DAMAGES - CASE NO. 3:18-cv-924

1 and I advise you to apologize to Southwest."

2  32.  After hours of questioning, searching, and pleading innocence, Plaintiff was finally cleared and released.

33.  Southwest refunded Plaintiff's ticket but still refused to let him fly – refusing to book him on another flight, despite his having been cleared by local law enforcement *and* the FBI.

34.  As a result, Plaintiff was deprived his contractual right to fly based on his purchased ticket with Southwest, seriously inconvenienced, and forced to book a trip on a different airline, ultimately buying a ticket with Delta Airlines to get home.

35.  As a result of this intentional racial discrimination, denial of equal rights and benefits, exclusion, denial of freedom and equality, negligence, and intentional infliction of emotional distress, Plaintiff has suffered from trauma, stigmatization, severe mental and emotional distress, embarrassment, public humiliation, damage to his personal and professional reputation, anxiety, fear and apprehension associated with airports and flying; and immense pressure to look and act a certain way so to camouflage his identity.

## FIRST CAUSE OF ACTION

**(Discrimination and Denial of Equal Rights Under the Law**

**42 U.S.C § 1981— "Civil Rights Act of 1991")**

36.  Plaintiff hereby re-pleads, re-alleges, and incorporates all previous allegations of this Complaint, as if fully set forth herein.

37.  Plaintiff is a member of a racial minority group as an Iraqi refugee and a member of the Middle Eastern and Muslim communities.

38.  At all times relevant hereto, Plaintiff, despite his Middle Eastern/ Muslim identities, had the same civil right to be treated equally in making and enforcing contracts and to be subject to the same punishments, pains, penalties, as white citizens, and to no other, pursuant to 42 U.S.C. § 1981.

39.  Stemming from this right, Plaintiff had the right to the performance,

LAW OFFICES OF
WALKUP, MELODIA, KELLY & SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

6
COMPLAINT FOR DAMAGES - CASE NO. 3:18-cv-924

1  benefits, privileges, terms, and conditions of the contracts he entered into.

2      40.    As such, when Plaintiff contracted with Southwest, a commercial air
3  carrier engaged in air transportation services for passage on Flight 4620 from LAX to
4  OAK, as a paying passenger and contracting party, he had the right to be treated
5  equally and in a manner free from discrimination pursuant to 42 U.S.C. § 1981.

6      41.    Plaintiff had equal rights to the performance, benefits, privileges, terms,
7  and conditions of the contract entered into with Southwest for travel on the
8  commercial air carrier pursuant to 42 U.S.C. § 1981.

9      42.    Plaintiff's civil rights under 42 U.S.C. § 1981 were violated when he was
10 denied equal treatment in making and enforcing his contract with Southwest
11 airlines, and was not subject to the same punishments, pains, penalties, and
12 exclusions as white citizens, and no other.

13     43.    Plaintiff was unable to enjoy the performance, benefits, privileges,
14 terms, and conditions of the contract he entered into with Southwest because he was
15 wrongfully removed from the flight.

16     44.    Southwest intentionally and purposefully discriminated against
17 Plaintiff based on his race when, by and through their employees and agents, it
18 wrongfully removed Plaintiff from his contracted-for flight on April 6, 2016 despite
19 Plaintiff doing nothing wrong, except for sitting in his rightful seat, speaking on the
20 phone *in Arabic*.

21     45.    Defendant Ahmed was acting in the course of his employment as a
22 Southwest agent employed by the Defendant at the time he approached Plaintiff and
23 wrongfully removed him from the plane for speaking on the phone in Arabic while
24 aboard a flight.

25     46.    Defendant Southwest is liable for the actions of its agents and
26 employees, including Defendant Ahmed directly and vicariously under doctrine of
27 *respondeat superior*.

28     47.    At no point did Plaintiff engage in any suspicious, loud, rowdy, unruly,

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

7
COMPLAINT FOR DAMAGES - CASE NO. 3:18-cv-924

inciteful, or inappropriate behavior and at all times relevant hereto, Plaintiff abided by all rules and regulations of aircrafts and airline security.

48. No passenger or agent of Southwest actually observed any safety concerns or contentious communications with Plaintiff, let alone any altercations or reasons to cause concern, except for the fact that Plaintiff appeared to be Middle Eastern or Muslim.

49. Plaintiff was using his cellphone prior to take-off, like many other non-Arabic speaking passengers were; however, they were not singled out, racially profiled, and penalized for speaking in their native language and nor were they removed from the plane, interrogated, and detained the way Plaintiff was.

50. Southwest had no legitimate reason or justification to remove Plaintiff from the flight and to deny him of his contractual rights except for racial bias and discrimination, thereby making this discrimination intentional and purposeful.

51. Southwest had a duty to uphold its contractual duties and obligations to Plaintiff and not act out of intentional, purposeful discrimination, but instead, it disregarded these duties and acted in an arbitrary and capricious manner in removing Plaintiff from the flight for no sound purpose.

52. This was further confirmed by one of the FBI agents, who while questioning Plaintiff told him, "next time don't use your cellphone", once again making it clear, that Southwest removed Plaintiff purely for talking on his cellphone.

53. Moreover, after having cleared such severe interrogations and searches, Southwest became aware that Plaintiff was actually not a threat; yet, the airline continued to deny Plaintiff the ability or right to book or travel on any of its flights.

54. Ultimately, because Southwest failed to uphold its contractual obligations and violated Plaintiff's rights under 42 U.S.C. § 1981, Plaintiff was forced to book a separate flight, on a different airline, to finally complete his travel.

55. As a direct and proximate result of this intentional racial discrimination, denial of equal rights and benefits, Plaintiff has suffered from

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

8
COMPLAINT FOR DAMAGES - CASE NO. 3:18-cv-924

stigmatization, mental and emotional distress, damage to his personal and professional reputation, fear and apprehension associated with airports and flying, and immense pressure to look and act a certain way so to camouflage his identity.

## SECOND CAUSE OF ACTION

**(Racial Discrimination, Exclusion, and Denial of Benefits**

**42 U.S.C. § 2000d)**

56. Plaintiff hereby re-pleads, re-alleges, and incorporates all previous allegations of this Complaint, as if fully set forth herein.

57. At all times relevant hereto, Plaintiff had the right to participate and enjoy the benefits of federally assisted programs and not be excluded or discriminated against based on race, color, or national origin pursuant to 42 U.S.C. § 2000(d).

58. At all times relevant hereto, Southwest was and is a commercial air carrier receiving federal assistance as it operates according to the rules and regulations of the Federal Aviation Agency and the Department of Transportation, Department of Homeland Security, and works in compliance with various other federal agencies.

59. Moreover, Southwest receives federal funds via federal subsidies and therefore is subject to 42 U.S.C. § 2000(d).

60. Defendant Southwest is liable for the actions of its employees and agents, including Defendant Ahmed, directly and vicariously through *respondeat superior*.

61. Plaintiff was deprived the benefits and participation in, and excluded from traveling on his Southwest flight, in violation of 42 U.S.C. § 2000(d), when he was wrongfully removed from the airplane for simply speaking on the phone in Arabic.

62. At no point did Plaintiff engage in any suspicious, loud, rowdy, unruly, inciteful, or inappropriate behavior and at all times relevant hereto, Plaintiff abided

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

9
COMPLAINT FOR DAMAGES - CASE NO. 3:18-cv-924

by all rules and regulations of aircrafts and airline security.

63. No passenger or agent of Southwest actually observed any safety concerns or contentious communications with Plaintiff, let alone any altercations or reasons to cause concern, except for the fact that Plaintiff appeared to be Middle Eastern or Muslim.

64. Plaintiff was using his cellphone prior to take-off, like many other non-Arabic speaking passengers were; however, they were not singled out, racially profiled, and penalized for speaking in their native language and removed from the plane, interrogated, and detained the way Plaintiff was.

65. Southwest had no legitimate basis or justification to remove Plaintiff from the flight and deny him of his contractual rights except for racial bias and discrimination, thereby making this discrimination intentional and purposeful.

66. Southwest did nothing to verify or even slightly corroborate the complaint they received regarding Plaintiff to determine that it was genuine, authentic, and not the result of racial bias and Islamophobia, instead, without asking Plaintiff any questions or making any observations of its own, Southwest removed Plaintiff from the plane and the airlines' agent, berated him for speaking in Arabic, given the political climate.

67. This was further confirmed by one of the questioning FBI agents, who later told Plaintiff, "next time don't use your cellphone", once again making it clear, that Southwest removed Plaintiff from the plane solely for speaking on his cellphone.

68. Moreover, after having cleared such severe interrogations and searches, Southwest became aware that Plaintiff was actually not a threat; yet, it still continued to deny Plaintiff the ability or right to book or travel on any of its flights.

69. This denial further perpetuates Southwest's intentional racial discrimination, because once being cleared, Southwest had no basis to deny Plaintiff travel, yet, it still refused to let him purchase a ticket, while other, non-Arabic speaking customers were not denied the right to contract with Southwest.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

10
COMPLAINT FOR DAMAGES - CASE NO. 3:18-cv-924

70. Ultimately, because Southwest violated Plaintiffs rights under 42 U.S.C. § 2000(d), Plaintiff was forced to book a separate flight, on a different airline, in order to finally complete the travel he had originally planned and purchased.

71. As a direct and proximate result of this intentional racial discrimination, denial of equal participation and enjoyment of benefits, Plaintiff has suffered from mental and emotional distress, embarrassment, public humiliation, damage to his personal and professional reputation, anxiety, fear and apprehension associated with airports and flying, and immense pressure to look and act a certain way so to camouflage his identity, including feeling the need to shave his beard prior to flying, and to avoid traveling with his Arabic textbooks.

## THIRD CAUSE OF ACTION

**(Denial of Freedom and Equality in Business Establishments California Civil Code § 51—"Unruh Civil Rights Act")**

72. Plaintiff hereby re-pleads, re-alleges, and incorporates all previous allegations of this Complaint, as if fully set forth herein.

73. At all times relevant hereto, Plaintiff's civil rights were violated under Cal. Civ. Code § 51 in California, more specifically at LAX airport.

74. Southwest is a business entity, conducting regular business within the State of California, and as such, is a business establishment subject to Cal. Civ. Code § 51.

75. Defendants are liable for the actions of its agents and employees, including Defendant Shoaib Ahmed directly and under the doctrine of *respondeat superior*.

76. Southwest intentionally and purposefully discriminated against Plaintiff, denying him full and equal accommodations and business services in violation of Cal. Civ. Code § 51 when by and through its agents and employees, including Defendant Ahmed, it wrongfully removed Plaintiff from the airplane for simply talking on the phone in Arabic.

77. At no point did Plaintiff engage in any suspicious, loud, rowdy, unruly, inciteful, or inappropriate behavior and at all times relevant hereto, Plaintiff abided by all rules and regulations of aircrafts and airline security.

78. No passenger or agent of Southwest observed any safety concerns or contentious communications with Plaintiff, let alone any altercations or reasons to cause concern, except for the fact that Plaintiff appeared Middle Eastern or Muslim.

79. Plaintiff was using his cellphone prior to take-off, like many other non-Arabic speaking passengers were; however, they were not singled out, racially profiled, and penalized for speaking in their native language and nor were they removed from the plane, interrogated, and humiliated the way Plaintiff was.

80. Southwest had no legitimate basis or justification to remove Plaintiff from the flight and deny him of his contractual rights except for racial bias and discrimination, thereby making this discrimination intentional and purposeful.

81. Southwest did nothing to verify or even slightly corroborate the complaint they received regarding Plaintiff to determine that it was genuine, authentic, and not the result of racial bias and Islamophobia, instead, without asking Plaintiff any questions or making any observations of its own, Southwest removed Plaintiff from the plane and the airlines' agent, berated him for speaking in Arabic, given the political climate.

82. This was further confirmed by one of the questioning FBI agents, who later told Plaintiff, "next time don't use your cellphone", once again making it clear, that Southwest removed Plaintiff for talking on his cellphone.

83. Moreover, after having cleared such severe interrogations and searches, Southwest realized Plaintiff was actually not a threat; yet, the airline still continued to deny Plaintiff the ability or right to book or travel on any of its flights.

84. This denial further perpetuates Southwest's intentional racial discrimination, because once being cleared, Southwest had absolutely no basis to deny Plaintiff travel, yet, it still refused to let him purchase a ticket, while other,

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

12
COMPLAINT FOR DAMAGES - CASE NO. 3:18-cv-924

1 non-Arabic speaking customers were not denied the right to contract with Southwest.

85. Ultimately, because Southwest violated Plaintiffs rights under Cal. Civ. Code § 51, Plaintiff was forced to book a separate flight, on a different airline, in order to finally complete the travel he had originally contracted with Southwest for.

86. As a direct and proximate result of this intentional racial discrimination, denial of equal participation and enjoyment of benefits, Plaintiff has suffered from mental and emotional distress, embarrassment, public humiliation, damage to his personal and professional reputation, anxiety, fear and apprehension associated with airports and flying, and immense pressure to look and act a certain way so to camouflage his identity, including feeling the need to shave his beard prior to flying, and to avoid traveling with his Arabic textbooks.

## **FOURTH CAUSE OF ACTION**

### **(Negligence)**

87. Plaintiff hereby re-pleads, re-alleges, and incorporates all previous allegations of this Complaint, as if fully set forth herein.

88. Southwest is a commercial airline in the business of providing air transportation to passengers and as such, is a common carrier bound by a heightened duty of care to its passengers.

89. As a paying, ticketed, and seated passenger aboard Southwest Flight 4620, Southwest owed the Plaintiff this heightened duty of care.

90. Southwest racially discriminated against Plaintiff and acted negligently, breaching its duty of care to Plaintiff in the following ways:

   a. failure to act reasonably in providing a safe travel environment free from hostility, racial discrimination, and Islamophobia;

   b. failure to act with the highest care and vigilance of a cautious person in providing a safe travel environment free from hostility, racial discrimination, and Islamophobia;

   c. failure to establish protocols and procedures regarding co-

LAW OFFICES OF
WALKUP, MELODIA, KELLY & SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

13
COMPLAINT FOR DAMAGES - CASE NO. 3:18-cv-924

passenger complaints;

d.  failure to take reasonable care in assessing, addressing, corroborating, verifying, or even simply determining the authenticity of co-passenger complaints;

e.  failure to act with the highest care and vigilance of a cautious person in assessing, addressing, corroborating, verifying, or even simply determining the authenticity of co-passenger complaints;

f.  failure to honor contractual relationships;

g.  failure to be treat Arabic speaking passengers the same way as Non-Arabic speaking passengers;

h.  failure to reasonably avoid harm to passengers.

91. Moreover, after having cleared such severe interrogations and searches, Southwest realized Plaintiff was actually not a threat; yet, the airline continued to deny Plaintiff the ability or right to book or travel on any of its flights.

92. This denial further perpetuates Southwest's lack of care and negligence in providing a safe environment, free from racial discrimination, because once being cleared, Southwest had absolutely no basis to deny Plaintiff travel; yet, it still refused to let him purchase a ticket, while other, non-Arabic speaking customers were not denied the right to contract with Southwest.

93. Due to Southwest's negligence, Plaintiff was forced to book a separate flight, on a different airline, to finally complete the travel he had originally purchased from Southwest.

94. As a direct and proximate result of this intentional racial discrimination, denial of equal participation and enjoyment of benefits, Plaintiff has suffered from mental and emotional distress, embarrassment, public humiliation, damage to his personal and professional reputation, anxiety, fear and apprehension associated with airports and flying, and immense pressure to look and act a certain way so to camouflage his identity, including feeling the need to shave his beard prior

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

14
COMPLAINT FOR DAMAGES - CASE NO. 3:18-cv-924

to flying, and to avoid traveling with his Arabic textbooks.

95. Defendant Southwest's acts as described herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiff's rights, and as such, punitive damages are warranted against Southwest in order to punish and make an example of them.

## FIFTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress (IIED))

96. Plaintiff hereby re-pleads, re-alleges, and incorporates all previous allegations of this Complaint, as if fully set forth herein.

97. Defendant Southwest engaged in extreme and outrageous conduct when it intentionally pulled Plaintiff from his flight for no valid reason and based purely on race, subjected him to extensive questioning and searching.

98. Southwest's wrongful removal was intentional and malicious, and done to frighten Plaintiff, to cause Plaintiff to suffer humiliation, shock, agony, fear, embarrassment, and anxiety and for no other valid reasons.

99. Southwest is liable for the actions of its agents and employees, directly and vicariously through the doctrine *respondeat superior*.

100. As a common carrier, Southwest owed Plaintiff an even higher standard of care—that of a very cautious person, but instead, Southwest, by and through its agents and employees, including Defendant Ahmed, acted intentionally in discriminating against Plaintiff and singling him out.

101. As direct and proximate result of Southwest's intentional infliction of emotional distress, Plaintiff has suffered from long lasting shock; trauma; stigmatization; severe mental and emotional distress; embarrassment; public humiliation; damage to his personal and professional reputation; anxiety; insecurity; sleeplessness; fear and apprehension associated with airports and flying; and immense pressure to look and act a certain way so to camouflage his identity, including feeling the need to shave his beard prior to flying and to not travel with his

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

15
COMPLAINT FOR DAMAGES - CASE NO. 3:18-cv-924

Arabic studies books.

**PUNITIVE DAMAGES**

102. Defendant Southwest and Defendant Ahmed acted intentionally, purposefully, and maliciously in discriminating against Plaintiff Khairuldeen Makhzoomi when he was removed from the plane and denied travel with the airline.

103. Defendants' acts were oppressive, despicable, and in conscious disregard of Plaintiff's civil rights, thereby warranting an award for punitive damages against Defendants so to punish and make an example of them.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Khairuldeen Makhzoomi prays for judgment against Defendant Southwest Airlines as follows:

    a. Award Plaintiff compensatory damages in an amount to be determined at trial for the Plaintiff's loss and injury including but not limited to fear, anxiety, humiliation, stigmatization, trauma, embarrassment, and emotional distress;

    b. Award Plaintiff punitive damages in an amount to be determined at trial that would punish Defendant Southwest for its intentional, malicious, willful, callous, wanton, and reckless disregard for Plaintiff's rights that would effectively deter Defendant from engaging in similar conduct in the future;

    c. Award reasonable attorneys' fees and costs incurred in this action; and

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

16
COMPLAINT FOR DAMAGES - CASE NO. 3:18-cv-924

      d.    Granting such other relief as this Court may deem just and proper under the circumstances.

Dated: February ___ 2018    WALKUP, MELODIA, KELLY & SCHOENBERGER

By:    /s/ Khaldoun A. Baghdadi
KHALDOUN A. BAGHDADI
JASLEEN SINGH
Attorneys for Plaintiff
KHAIRULDEEN MAKHZOOMI

Dated: February 13, 2018    COUNCIL ON AMERICAN-ISLAMIC RELATIONS (CAIR)

By:    /s/ Zahra A. Billoo
ZAHRA A. BILLOO
BRITTNEY REZAEI
Attorneys for Plaintiff
KHAIRULDEEN MAKHZOOMI

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

Dated:  February 13, 2018  WALKUP, MELODIA, KELLY & SCHOENBERGER

By:     /s/ Khaldoun A. Baghdadi
KHALDOUN A. BAGHDADI
JASLEEN SINGH
Attorneys for Plaintiff
KHAIRULDEEN MAKHZOOMI

Dated:  February 13, 2018  COUNCIL ON AMERICAN-ISLAMIC RELATIONS (CAIR)

By:     /s/ Zahra A. Billoo
ZAHRA A. BILLOO
BRITTNEY REZAEI
Attorneys for Plaintiff
KHAIRULDEEN MAKHZOOMI

LAW OFFICES OF
WALKUP, MELODIA, KELLY & SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

18
COMPLAINT FOR DAMAGES - CASE NO. 3:18-cv-924