UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KHAIRULDEEN MAKHZOOMI,
    Plaintiff,
    v.
SOUTHWEST AIRLINES CO., et al.,
    Defendants.

Case No. 18-cv-00924-DMR

**FINAL PRETRIAL ORDER**

Following the pretrial conference held on January 22, 2020, the court sets forth its pretrial rulings below.

## I.   MOTIONS IN LIMINE

**Plaintiff's Motion in Limine 1,** exclude evidence that Dr. Pathak hugged Captain Scott Herrick after Plaintiff was removed from the flight (Docket No. 102): granted for the reasons stated on the record.

**Plaintiff's Motion in Limine 2,** exclude evidence that passenger Matthew Ross voluntarily deplaned after Plaintiff was removed from the flight (Docket No. 102): granted for the reasons stated on the record.

**Defendants' Motion in Limine 1,** exclude five categories of evidence pursuant to the Aviation and Transportation Security Act ("ATSA"), 49 U.S.C. § 44901, and California Civil Code section 47(b) (Docket No. 105): granted in part and denied in part, as follows, for the reasons stated on the record.

   a.  Evidence or argument that Defendants should not have reported Dr. Pathak's safety-related report to law enforcement: granted.

   b.  Evidence or argument that Defendants improperly influenced law enforcement to take action against Plaintiff: granted only as to Southwest employees other than Shoaib Ahmed.

Plaintiff is not prohibited from introducing evidence or argument that Ahmed improperly influenced law enforcement to take action against Plaintiff.

   c. Evidence or argument that Defendants are responsible for the decisions of Officer Taylor and other law enforcement officers regarding how to respond to the report: granted only as to Southwest employees other than Ahmed. Plaintiff is not prohibited from introducing evidence or argument that Ahmed was responsible for the decisions of Officer Taylor and other law enforcement officers regarding how to respond to the report.

   d. Evidence or argument that Defendants are responsible for Plaintiff missing his flight while he was being interrogated by law enforcement: granted only as to Southwest employees other than Ahmed. Plaintiff is not prohibited from introducing evidence or argument that Ahmed was responsible for Plaintiff missing his flight while he was being interrogated by law enforcement.

   e. Evidence of any alleged emotional distress suffered by Plaintiff once law enforcement took over handling of the incident: Plaintiff is not prohibited from introducing such evidence, but only if he can make a causal connection between his treatment while being detained by law enforcement and Ahmed's actions.

**Defendants' motion in limine 2,** exclude evidence or argument that Defendants had any duty to assess or investigate Dr. Pathak's report before reporting it to law enforcement, or criticizing Defendants for failing to investigate Dr. Pathak's report before reporting it to law enforcement (Docket No. 106): granted for the reasons stated on the record.

**Defendants' motion in limine 3,** exclude certain information in the FBI and LAWA reports (Docket No. 107): granted in part and denied in part. The statements in the FBI and LAWA reports that "Southwest Airlines refused to fly Makhzoomi and refunded his ticket" and "but was denied boarding privileges at that time by Southwest Manager Ahmed due to statements made on board the plane" are hearsay. They may be admissible for their truth as party-opponent admissions pursuant to Federal Rule of Evidence 801(d)(2) if Plaintiff can establish a foundation that Ahmed was the source for the statements.

Defendants also move to exclude statements in the FBI report about Plaintiff's family

2

background and his own testimony regarding his father's imprisonment and execution, text messages with his mother around the time of his detention, and the fact that his brother has Down Syndrome. Plaintiff may testify that he exchanged text messages with his mother around the time of his detention by law enforcement but may not introduce the actual text messages with his mother. Plaintiff may testify about his family history, including his father's imprisonment and execution and his relationship with his brother, but may not mention that his brother has Down Syndrome. Plaintiff may not testify about the emotional distress of his mother or his brother. Plaintiff's testimony about his father will be subject to a limiting instruction explaining that it may only be considered for purposes of damages and not liability.

## II. JURY INSTRUCTIONS

The court will formally rule on all substantive jury instructions at the February 6, 2020 charging conference.

**IT IS SO ORDERED.**

Dated: January 28, 2020



Donna M. Ryu
United States Magistrate Judge